IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

vs.                              Criminal No. 6:13-cr-60024
                                 Civil No. 6:16-cv-06115

TYRONG GODBOLD                                                  MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Tyrong Godbold ("Godbold") who is proceeding *pro se.* On November 7, 2016, Godbold filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 57. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 66.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1.    **Procedural Background**:

On April 24, 2013, Godbold was named in a four-count Indictment returned by the Grand Jury for the Western District of Arkansas. ECF No. 1. Count One of the Indictment charged that on or about August 29, 2012 in the Western District of Arkansas, Hot Springs Division, Tyrong Godbold knowingly and intentionally distributed a controlled substance, namely, cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, in violation of Title 21 of the United States Code (U.S.C.) § 841(a)(1).

Count Two charged that on or about September 24, 2012, Tyrong Godbold knowingly and intentionally distributed a controlled substance, namely, cocaine base, in violation of 21 U.S.C. §

-1-

841(a)(1).  Count Three charged that on or about October 17, 2012, Tyrong Godbold knowingly and intentionally distributed a controlled substance, namely, cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Count Four charged that on or about October 22, 2012, Tyrong Godbold knowingly and intentionally distributed a controlled substance, namely, cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On June 24, 2013, notice was given that attorney Willard Proctor, Jr. had been retained to represent Godbold replacing James B. Pierce who had been appointed on June 13, 2013.  ECF Nos. 9, 15.  On August 13, 2014, a Superseding Indictment was returned by the Grand Jury for the Western District of Arkansas charging Godbold with 18 counts of distributing "crack cocaine" and 1 count of distributing cocaine on various dates from August 12, 2012 through October 29, 2012. ECF No. 33.

On December 9, 2014, Godbold appeared in the United States District Court for the Western District of Arkansas with counsel Willard Proctor, Jr. for a change of plea before the Honorable Susan O. Hickey, United States District Judge.  ECF No. 41.  A written plea agreement was presented to the Court that set forth that Godbold would agree to plead guilty to Count Thirteen of the Superseding Indictment charging him with distributing cocaine base on or about September 24, 2012. ECF No. 42 ¶ 1.  The Parties agreed that a reasonable and appropriate sentence would be 108 months and agreed to jointly recommend this sentence to the Court; however, both Parties acknowledged the recommendation was non-binding on the Court and the Court could sentence Godbold to any term up to 20 years.  ECF No. 42 ¶ 11.  The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report (PSR) be completed the United States Probation Office (USPO).

Based on the United States Sentencing Guidelines (USSG), the PSR found a base offense level of 22 because Godbold's offense involved at least 22.4 grams but less than 28 grams of cocaine base. ECF No. 46 ¶ 26. However, because Godbold had at least two prior felony convictions of either a crime of violence or a controlled substance offense he was determined to be a career offender pursuant to USSG §4B1.1 and his offense level was adjusted to level 32. ECF No. 46 ¶ 32. Godbold's total criminal history score of 22 established his criminal history category as VI (ECF No. 46 ¶ 86). Additionally, his criminal history category would be VI as a career offender pursuant to USSG §4B1.1(b). ECF No. 46 ¶ 87. Godbold's maximum statutory term of imprisonment was 20 years. ECF No. 46 ¶ 134. After receiving three levels off for acceptance of responsibility, Godbold's total offense level was determined to be 29. ECF No. 46 ¶¶ 33-35. Because Godbold was determined to be a career offender Based upon a total offense level of 29 and a criminal history category of VI, Godbold's guideline imprisonment range was 151 to 188 months.[1] ECF No. 46 ¶ 135.

On March 16, 2015, Godbold filed objections to the PSR including an objection stating he was not a career offender. ECF No. 46-1, Obj. No. 5. In its response to the objection, the USPO responded that Godbold had prior convictions for Aggravated Assault and Battery 1st Degree, which are crimes of violence, as well as for Distribution of Cocaine, which is a controlled substance offense. ECF No. 46-1, Obj. No. 5 Response.

On April 6, 2015, Godbold filed a sentencing memorandum in which he requested the Court to depart from the Guidelines range. ECF No. 48. Beside outlining Godbold's alcohol and substance abuse problems to deal with his inner struggles, he referenced that the Parties, in the Plea

---

[1] Had Godbold not been a career offender his USSG range of punishment would have been 63-78 months imprisonment based on a total offense score of 19 and criminal history category VI.

Agreement, jointly recommended a 9-year sentence and argued such a sentence would afford an adequate deterrence to criminal conduct and would protect the public from future crimes. *Id.*

On November 10, 2015, Godbold appeared with counsel for sentencing. ECF No. 49. At sentencing, the Court addressed Godbold's objections to the PSR. As to Godbold's objection regarding his career offender status, the Court disagreed finding he had a prior felony conviction for controlled substance and that his aggravated assault was a crime of violence. ECF No. 53 at 11-13. After making this determination, the Court allowed Godbold, through counsel, to elaborate his argument that his aggravated assault offense should not be counted as a violent felony because it fell under the recklessness provision of the statute. *Id.* at 14-16. However, the Court disagreed, finding that based on the amended information he was charged with stated his conduct was purposeful and, as such, it did not fall under the reckless portion of the statute. *Id.* at 16-17.

In sentencing Godbold, the Court stated it believed his USSG guideline range of 151 to 188 months was greater than necessary to reflect the 3553 factors and agreed that the Parties' recommended sentence of 108 months was appropriate. ECF No. 53 at 3. The Court imposed the 108-month sentence with credit for time served and to run concurrent with any state sentence, 3 years supervised release, and $100 special assessment. ECF No. 50.

On November 7, 2016, Godbold filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 57. The Court directed the Government to file its response by February 3, 2017. ECF No. 62. The Government responded on February 1, 2017. ECF No. 66. Godbold was appointed counsel to assist him this matter. ECF No. 61. On March 10, 2017, appointed counsel filed his notice saying no further briefing was needed in this case. ECF No. 69. This Motion is now ripe for consideration.

2.      **Applicable Law**:

A § 2255 motion is fundamentally different from a direct appeal.  The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

3.      **Discussion**:

In the present Motion, Godbold raises four separate claims.  ECF No. 57.  However, each of these claims relate to his main argument that he was improperly sentenced as a "career offender" under USSG § 4B1.1.  Thus, the Court will only address this issue.

Specifically, Godbold argues the provision for sentencing a "career offender," based on a "crime of violence" defined by USSG § 4B1.2(a), is unconstitutional pursuant to *Johnson v. United States,* 135 S.Ct. 2551, 2563 (2015).  In *Johnson,* the United States Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process and was invalid under the "void for vagueness" doctrine. *Id.* at 2563.  According to Godbold, this rule would also apply to the definition of "crime of violence" provision in  USSG § 4B1.2(a).   Upon review, the Court finds Godbold is not entitled to relief, and the "crime of violence" provision of the USSG is not unconstitutional under

-5-

*Johnson.*

The United States Supreme Court *directly addressed* this very issue in a recent opinion.   In

*Beckles v. United States* the Supreme Court expressly held:

> Because they merely guide the district courts' discretion, the Guidelines are not
> amenable to a vagueness challenge. As discussed above, the system of purely
> discretionary sentencing that predated the Guidelines was constitutionally
> permissible. If a system of unfettered discretion is not unconstitutionally vague, then
> it is difficult to see how the present system of guided discretion could be.
> . . .
>
> Because the advisory Sentencing Guidelines are not subject to a due process
> vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness.

*Beckles,* 137 S. Ct. 886, 894 and 897 (2017).  The USSG are not subject to challenge based on

*Johnson.*

Thus, based upon this opinion, the Court cannot find any of Godbold's claims have merit.

Indeed, he cannot claim his counsel was ineffective because he failed to object at sentencing to his

"career offender" designation when such an objection would have been without merit under *Beckles.*

*See Dodge v. Robinson,* 625 F.3d 1014, 1019 (8th Cir. 2010) (recognizing a counsel's failure to raise

meritless issues does not constitute ineffective assistance of counsel).  Furthermore, the Court did

not error when sentencing Godbold as a "career offender" under this provision because, under

*Beckles,* such sentencing was entirely proper.  Finally, Godbold's claim that his waiver of a 28

U.S.C. § 2255 motion was not voluntary is irrelevant because his this 28 U.S.C. § 2255 motion has

no merit.

**4.**    **Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No.

66) be **DENIED** and dismissed with prejudice.[2]  The Court further recommends no Certificate of Appealability issue in this matter.

      **The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, **897 F.2d 356, 357 (8**[th] **Cir. 1990).**

      **DATED this 21**[ST] **day of September 2017.**

                                    /s/ Barry A. Bryant
                                    HON. BARRY A. BRYANT
                                    U.S. MAGISTRATE JUDGE

---

[2]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*